1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11 WILBUR LANN PITTMAN, | Civil No.   10-0626 IEG (JMA) |
| 12                                        Petitioner, | |
| 13                      v. | **ORDER DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |
| 14 GARY SANDOR, et al., | |
| 15                                        Respondents. | |

16        Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas

17 Corpus pursuant to 28 U.S.C. § 2254.

18                         **FAILURE TO SATISFY FILING FEE REQUIREMENT**

19        Petitioner has not paid the $5.00 filing fee and has not filed a motion to proceed in forma

20 pauperis. This Court cannot proceed until Petitioner has either paid the $5.00 filing fee or

21 qualified to proceed in forma pauperis.  *See* Rule 3(a), 28 U.S.C. foll. § 2254.

22                                                  **VENUE**

23        A petition for writ of habeas corpus may be filed in the United States District Court of

24 either the judicial district in which the petitioner is presently confined or the judicial district in

25 which he was convicted and sentenced.  *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial*

26 *Circuit Court*, 410 U.S. 484, 497 (1973).  Petitioner is presently confined at California

27 Rehabilitation Center in Norco, California, which is within the jurisdictional boundaries of the

28 United States District Court for the Central District of California, Eastern Division.  *See*

1    28 U.S.C. § 84(c)(1).  It is not clear from the petition where the state court conviction Petitioner

2    seeks to challenge occurred.  *See id*.  Thus, this Court may not have jurisdiction over the matter.

3    If Petitioner wishes to proceed with this case, he must inform the Court where the state court

4    conviction he seeks to challenge took place.

5                              **FAILURE TO USE PROPER FORM**

6           Additionally, a Petition for Writ of Habeas Corpus must be submitted in accordance with

7    the Local Rules of the United States District Court for the Southern District of California.  *See*

8    Rule 2(c), 28 U.S.C. foll. § 2254.  In order to comply with the Local Rules, the petition must be

9    submitted upon a court-approved form and in accordance with the instructions approved by the

10   Court.  Presently, Petitioner has submitted an application for writ of habeas corpus on a non-

11   approved form.

12        **FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

13          Further, habeas petitioners who wish to challenge either their state court conviction or the

14   length of their confinement in state prison, must first exhaust state judicial remedies.  28 U.S.C.

15   § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).  Ordinarily, to satisfy the

16   exhaustion requirement, a petitioner must "fairly present[] his federal claim to the highest state

17   court with jurisdiction to consider it . . . or . . . demonstrate[] that no state remedy remains

18   available.  *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citing *Picard v. Connor*, 404

19   U.S. 270, 275 (1971); *Anderson v. Harless*, 459 U.S. 4, 6 (1982)).  Moreover, to properly

20   exhaust state court remedies a petitioner must allege, in state court, how one or more of his or

21   her federal rights have been violated.  For example, "[i]f a habeas petitioner wishes to claim that

22   an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed

23   by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state

24   court."  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)(emphasis added).

25          Nowhere on the Petition does Petitioner allege that he raised his claims in the California

26   Supreme Court.  In fact, he specifically indicates he did not seek review in the California

27   Supreme Court.  (*See* Pet. at 3-10.)  If Petitioner has raised his claims in the California Supreme

28   Court he must so specify.

1    Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death

2  Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ

3  of habeas corpus by a person in custody pursuant to the judgment of a State court.   The

4  limitation period shall run from the latest of:

5          (A) the date on which the judgment became final by the
conclusion of direct review or the expiration of the time for seeking
6          such review;

7          (B) the date on which the impediment to filing an application
created by State action in violation of the Constitution or laws of the
8          United States is removed, if the applicant was prevented from filing
by such State action;

9
          (C) the date on which the constitutional right asserted was
10         initially recognized by the Supreme Court, if the right has been
newly recognized by the Supreme Court and made retroactively
11         applicable to cases on collateral review; or

12         (D) the date on which the factual predicate of the claim or
claims presented could have been discovered through the exercise
13         of due diligence.

14  28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

15    The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition

16  is pending.  28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

17  *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed'

18  when its delivery and acceptance [by the appropriate court officer for placement into the record]

19  are in compliance with the applicable laws and rules governing filings."). However, absent some

20  other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is

21  pending.  *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

22    Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a

23  habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to

24  it that the petitioner is not entitled to relief in the district court . . ."  Rule 4, 28 U.S.C. foll.

25  § 2254.  Here, it appears plain from the Petition that Petitioner is not presently entitled to federal

26  habeas relief because he has not alleged exhaustion of state court remedies.

27  / / /

28  / / /

10cv0626

## FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM

Additionally, in accordance with Rule 4 of the rules governing § 2254 cases, Petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States.

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in <u>violation of the Constitution or laws or treaties of the United States.</u>

28 U.S.C. § 2254(a) (emphasis added). *See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," <u>and</u> that he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a). Petitioner appears to be complaining about how the California Department of Corrections is calculating his sentence. (*See* Pet. at 2-9, 12-27.) In no way does Petitioner claim he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.

## CONCLUSION

For all the foregoing reasons, the Court **DISMISSES** this case without prejudice and with leave to amend. If Petitioner wishes to proceed with this case, he must, **no later than <u>June 1, 2010</u>**: (1) pay the $5.00 filing fee **OR** submit adequate proof of his inability to pay the fee; **AND** (2) file a First Amended Petition which cures the pleading deficiencies outlined in this Order. **THE CLERK OF COURT IS DIRECTED TO MAIL PETITIONER A BLANK MOTION**

///

///

///

///

10cv0626

1    **TO PROCEED IN FORMA PAUPERIS AND A BLANK FIRST AMENDED PETITION**

2    **FORM TOGETHER WITH A COPY OF THIS ORDER.**

3        **IT IS SO ORDERED.**

4

5    **DATED:  March 30, 2010**

6    _____
     **IRMA E. GONZALEZ, Chief Judge**
7    **United States District Court**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10cv0626